**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Professional LED Lighting, Ltd.,<br><br>    Plaintiff,<br><br> v.<br><br>Aadyn Technology, LLC; Frank Gallagher;<br>Marc Kaye; and Walter Lefler,<br><br>    Defendants. | Civil Action No. 14-cv-02440<br><br>Judge Amy J. St. Eve<br><br>Magistrate Judge Jeffrey Cole |

**<u>DEFENDANTS' MOTION TO DISMISS</u>**

Defendants Aadyn Technology, LLC, Frank Gallagher, Marc Kaye, and Walter Lefler ("Defendants"), by its undersigned counsel, respectfully moves this Court to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) stating as follows:

1. This case arises from the relationship between Aadyn, Mr. Gallagher, Mr. Kaye, and Mr. Lefler, on the one hand, and Phil Contursi and his entities, LED and Product Productions, Inc. ("PPI"), on the other.  In its Complaint, LED claims that Contursi provided business consulting and marketing services to Aadyn, PPI produced promotional videos for Aadyn, and LED sold Aadyn products (various lights and lighting related materials).  Aadyn is a small company specializing in the design and production of lights and lighting equipment and, in 2011, had only just been formed.   LED claims (A) that the Individual Defendants repeatedly assured Contursi that he would be compensated for his consulting and marketing efforts but that Aadyn has subsequently refused to make any payments to him; (B) that PPI owns the copyrights to the videos it allegedly made on behalf of Aadyn and that Aadyn has used the videos without compensating PPI for their production; and (C) that Aadyn has failed to pay it commissions for

some of the sales LED completed before the relationship between the parties devolved.  For a variety of reasons, all of the claims presented by LED must be dismissed.

2.      First, this court lacks subject matter jurisdcition over the matter.  As set out in the Complaint, LED has premised this Court's federal question jurisdiction on the allegation that Defendants infringed a copyright held by Product Productions, Inc. ("PPI") which is not a party to this suit.  *See* Compl. at ¶ 7, 13, 59, 115-118, 123-126.  While LED claims that Contursi and PPI assigned their choses in action to LED, LED (the only named Plaintiff) has not alleged and does not possess any exclusive rights to the putative copyrights in suit and therefore cannot state a claim for copyright infringement.  *See HyperQuest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 381-82 (7th Cir. 2011).  In the absence of such a claim, this Court lacks subject matter jurisdction.  Although LED has baldly alleged that the Court has diversity jurisdiction over this matter, this inaccurate assertion is belied by the face of LED's Complaint.  *Id.* at ¶ 7.  LED does not allege, because it cannot, that the amount in controversy meets the $75,000 threshold sufficient to trigger the Court's diversity jurisdiction.

3.      Second, this Court lacks personal jurisdiction over Frank Gallagher, Marc Kaye, and Walter Lefler (the "Individual Defendants").  LED's conclusory allegations in support of its assertion that the Court has are insufficient as a matter of law to establish such jurisdiction and the Individual Defendants lack sufficient contacts with the State of Illinois to be subject to personal jurisdiction.  For this independent reason, the Court should dismiss the Individual Defendants from this suit.

4.      Third, several of LED's state law claims fail to state a claim upon which relief can be granted.  In particular, LED has alleged that the members of a Limited Liability Company conspired with the company, a claim not cognizable in Illinois.  In addition, LED has captioned

its fraud claims, Counts I and V, as against all Defendants but only alleges that misrepresentations were made by the Individual Defendants, not Aadyn.  Accordingly, Aadyn must be dismissed from Counts I and V.

5.      Finally, the Sales Representative Agreement that governs the relationship between the parties includes a clear venue selection clause requiring any and all disputes be litigated in Broward County, Florida.  *See* Sales Rep Agreement, Exhibit C to Compl. at ¶ 18.  Therefore, should the Court determine not to dismiss the entirety of LED's action, the Court should dismiss the action for improper venue or transfer any remaining claims to the Southern District of Florida.

6.      In further support of this motion, Defendants are filing a Memorandum of Law with exhibits including affidavits of each of the Individual Defendants herewith.

WHEREFORE, Defendants respectfully request that this Court enter an Order dismissing this action and granting it reasonable attorneys' fees pursuant to 17 U.S.C. § 505 .

Respectfully submitted,

  /s/ John C. Martin

John C. Martin, Esq.
MartinSirott LLC
30 N. LaSalle St., Suite 2825
Chicago, IL  60602
Tel. (312) 368-9000
jmartin@martinsirott.com
*Attorneys for Defendants*

*Of Counsel:*
Darth M. Newman, Esq.
ARCHER & GREINER, P.C.
One Centennial Square
East Euclid Avenue
Haddonfield, N.J. 08033-0968
Tel. (856) 795-2121
dnewman@archerlaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that he caused a copy of the foregoing to be filed using the CM/ECF system on June 13, 2014 which will cause copies of the same to be served on all counsel of record.


<u>/s/ John C. Martin                    </u>