**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Professional LED Lighting, Ltd., | Civil Action No. 14-cv-02440 |
| Plaintiff, | |
| v. | Judge Amy J. St. Eve |
| Aadyn Technology, LLC; Frank Gallagher; Marc Kaye; and Walter Lefler, | Magistrate Judge Jeffrey Cole |
| Defendants. | |

## <u>MEMORANDUM OF LAW IN SUPPORT OF</u>
## <u>DEFENDANTS' MOTION TO DISMISS</u>

John C. Martin, Esq.
MartinSirott LLC
30 N. LaSalle St., Suite 2825
Chicago, IL  60602
Tel. (312) 368-9000
jmartin@martinsirott.com

*Of Counsel:*

Darth M. Newman, Esq.
ARCHER & GREINER, P.C.
One Centennial Square
East Euclid Avenue
Haddonfield, N.J. 08033-0968
Tel. (856) 795-2121
dnewman@archerlaw.com

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

STATEMENT OF FACTS .................................................................................................... 3

    A.    Plaintiff's Claims. ........................................................................................... 3

    B.    Plaintiff's Copyright Allegations .................................................................... 4

    C.    Plaintiff's Diversity Jurisdiction Allegations.................................................. 4

    D.    Plaintiff's Personal Jurisdiction Allegations................................................... 5

ARGUMENT ........................................................................................................................ 5

    A.    Standards Applicable To Motions To Dismiss ................................................ 6

        1.    Standard Under Rule 12(b)(6) ........................................................... 6

        2.    Standard Under Rule 12(b)(1) ........................................................... 7

        3.    Standard Under Rule 12(b)(3) ........................................................... 8

    B.    LED Cannot Assert Infringement Of PPI's Copyright ................................... 8

    C.    The Court Should Award Defendants Their Attorneys' Fees Under 17
        U.S.C. § 505......................................................................................... 10

    D.    The Court Lacks Diversity Jurisdiction ........................................................ 11

    E.    The Individual Defendants Are Not Subject To Personal Jurisdiction In
        Illinois ............................................................................................... 12

    F.    LED's Conspiracy Claims are Legal Impossibilities and Must Be
        Dismissed ........................................................................................... 17

    G.    LED's Fraud Allegations Do Not Mention Aadyn ........................................ 18

    H.    The Court Should Enforce The Parties' Forum-Selection Clause And
        Transfer Any Remaining Claims To The Southern District Of Florida ............. 18

CONCLUSION.................................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Adams v. City of Indianapolis*,
 742 F.3d 720 (7th Cir. 2014) ..................................................................................6, 9

*Advanced Tactical Ordinance Sys., LLC v. Real Action Paintball, Inc.*,
 No. 13-3005, 2014 WL 1849269 (7th Cir. May 9, 2014).......................................13

*Albany Bank & Trust Co. v. Exxon Mobil Corp.*,
 310 F.3d 969 (7th Cir. 2002) .....................................................................................8

*Alpha School Bus Cop., Inc. v. Cook-Ill. Corp.*,
 910 F.E.2d 1134 (Ill. App. Ct. 2009) .......................................................................17

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)....................................................................................................6

*Automobile Mechanics Local 701 Welfare and Pension Funds v. Vanguard Car Rental USA, Inc.*,
 502 F.3d 740 (7th Cir. 2007) .....................................................................................8

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)....................................................................................................6

*Budget Cinema v. Watertower Assocs.*,
 81 F.3d 729 (7th Cir. 1996) .....................................................................................11

*Capitol Leasing Co. v. FDIC*,
 999 F.2d 188 (7th Cir. 1993) ................................................................................7, 13

*Continental Ins. Co. v. M/V ORSULA*,
 354 F.3d 603 (7th Cir. 2003) .....................................................................................8

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
 545 U.S. 546 (2005)..................................................................................................12

*Fogerty v. Fantasy, Inc.*,
 510 U.S. 517 (1994)............................................................................................10, 11

*Gilman Opco, LLC v. Lanman Oil Co., Inc.*,
 No. 13-cv-7846, 2014 WL 1284499 (N.D. Ill. March 28, 2014)......................14, 16

*Grantham v. Challenge-Cook Bros., Inc.*,
 420 F.2d 1182 (7th Cir. 1969) ...................................................................................8

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Hobbs v. John*,
  No. 12 C 3117, 2012 WL 5342321 (N.D. Ill. Oct. 29, 2012)
  *aff'd by Hobbs v. John*, 772 F.3d 1089 (7th Cir. 2013) ........................................8, 9

*HyperQuest, Inc. v. N'Site Solutions, Inc.*,
  632 F.3d 377 (7th Cir. 2011) ........................................................................9, 10

*McReynolds v. Merrill Lynch & Co., Inc.*,
  694 F.3d 873 (7th Cir. 2012) ..............................................................................6

*Muzumdar v. Wellness Intern. Network, Ltd.*,
  438 F.3d 759 (7th Cir. 2006) ........................................................................8, 19

*Northern Grain Marketing, LLC, Greving*, 743 F.3d 487 (7th Cir. 2014) ..............13, 14

*Parker v. Hostetler*,
  No. 3:07 CV 336, 2008 WL 346007 (N.D. Ind. Feb. 6, 2008) ................................8

*Ruhrgas Ag v. Marathon Oil Co.*,
  526 U.S. 574 (1999) ...................................................................................12, 13

*Travelers Prop. Cas. v. Good*,
  689 F.3d 714 (7th Cir. 2012) ..........................................................................7, 12

*Turnock v. Cope*,
  816 F.2d 332 (7th Cir. 1987) ..............................................................................8

**State Cases**

*Buckner v. Atlantic Plant Maint., Inc.*,
  694 N.E.2d 565 (Ill. 1998) ................................................................................17

*Connick v. Suzuki Motor Co.*,
  174 Ill.2d 482 (1996) .......................................................................................18

*Estate of Isringhausen v. Prime Const. and Assocs., Inc.*,
  378 Ill.App.3d 1059 (2008) .........................................................................15, 16

*Estate of Stern v. Oppenheimer Trust Co.*,
  134 So. 3d 566 (Fla. Dist. Ct. App. 2014) ..........................................................19

*Mergenthaler Linotype Co. v. Lenoard Storch Enterps., Inc.*,
  66 Ill.App.3d 789 (1978) ............................................................................14, 15

*Small v. Sussman*,
  713 N.E.2d 1216 (Ill. App. Ct. 1999) ...........................................................17, 18

## TABLE OF AUTHORITIES
(continued)

Page(s)

**Federal Statutes**

17 U.S.C. 410 .................................................................................................................. 11

17 U.S.C. 412 .................................................................................................................. 11

17 U.S.C. 505 .................................................................................................................. 11

17 U.S.C. § 501 ................................................................................................................. 8

17 U.S.C. § 505 ............................................................................................................... 10

28 U.S.C. § 1332 ....................................................................................................... 4, 11, 12

28 U.S.C. § 1359 ............................................................................................................. 12

28 U.S.C. § 1367 ............................................................................................................. 12

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................. 1, 5, 6, 7

Fed. R. Civ. P. 12(b)(2) ............................................................................................. 1, 5, 17

Fed. R. Civ. P. 12(b)(3) ................................................................................................ *passim*

Fed. R. Civ. P. 12(b)(6) ................................................................................................ *passim*

## INTRODUCTION

Defendants Aadyn Technology, LLC ("Aadyn"), Frank Gallagher, Marc Kaye, and Walter Lefler submit this memorandum of law in support of their motion to dismiss the entirety of Professional LED, Ltd.'s ("LED") Complaint under Rules 12(b)(1)-(3) and 12(b)(6).

This case arises from the relationship between Aadyn, Mr. Gallagher, Mr. Kaye, and Mr. Lefler, on the one hand, and Phil Contursi and his entities, LED and Product Productions, Inc. ("PPI"), on the other.  In its Complaint, LED claims that Contursi provided business consulting and marketing services to Aadyn, PPI produced promotional videos for Aadyn, and LED sold Aadyn products (various lights and lighting related materials).  Aadyn is a small company specializing in the design and production of lights and lighting equipment and, in 2011, had only just been formed.

LED claims that the Individual Defendants repeatedly assured Contursi that he would be compensated for his consulting and marketing efforts but that Aadyn has subsequently refused to make any payments to him.  LED asserts that PPI owns the copyrights to the videos it allegedly made on behalf of Aadyn and that Aadyn has used the videos without compensating PPI for their production.  Finally, LED claims that Aadyn has failed to pay it commissions for some of the sales LED completed before the relationship between the parties devolved.

Although LED claims that Contursi, PPI and LED all have claims against Defendants based on these alleged facts, LED is the only named plaintiff; LED claims that Contursi and PPI assigned their choses in action to LED.  For a variety of reasons, all of the claims presented by LED must be dismissed.

First, as set out in the Complaint, LED has premised this Court's federal question jurisdiction on the allegation that Defendants infringed a copyright held by Product Productions, Inc. ("PPI") which is not a party to this suit.  *See* Compl. at ¶ 7, 13, 59, 115-118, 123-126.

1

Because LED, the only named Plaintiff, has not alleged and does not possess any exclusive rights to the putative copyrights in suit, LED cannot state a claim for copyright infringement. This claim must be dismissed as a matter of law.

Second, although LED has baldly alleged that the Court has diversity jurisdiction over this matter, this inaccurate assertion is belied by the face of LED's Complaint. *Id.* at ¶ 7. LED does not allege, because it cannot, that the amount in controversy meets the $75,000 threshold sufficient to trigger the Court's diversity jurisdiction. Accordingly, absent its inappropriate claim for copyright infringement, LED has not made any other claims that might provide a basis for the Court's subject matter jurisdiction and the remaining state law claims should therefore be dismissed.

Third, LED's conclusory allegations in support of its assertion that the Court has personal jurisdiction over Frank Gallagher, Marc Kaye, and Walter Lefler (the "Individual Defendants") are insufficient as a matter of law. The Individual Defendants lack sufficient contacts with the State of Illinois to be subject to personal jurisdiction. For this independent reason, the Court should dismiss the Individual Defendants from this suit.

Fourth, several of LED's state law claims fail to state a claim upon which relief can be granted. In particular, LED has alleged that the members of a Limited Liability Company conspired with the company, a claim not cognizable in Illinois. In addition, LED has captioned its fraud claims, Counts I and V, as against all Defendants but only alleges that misrepresentations were made by the Individual Defendants, not Aadyn. Accordingly, Aadyn must be dismissed from Counts I and V.

Finally, the Sales Representative Agreement which govern the relationship between the parties includes a clear venue selection clause requiring any and all disputes be litigated in

Broward County, Florida.  *See* Sales Rep Agreement, Exhibit C to Compl. at ¶ 18.  Therefore, should the Court determine not to dismiss the entirety of LED's claims, the Court should transfer any remaining claims to the Southern District of Florida.

## STATEMENT OF FACTS

### A.    Plaintiff's Claims.[1]

As alleged by LED, Defendants first met Contursi in April 2011 and shortly thereafter Contursi began to provide consulting services to Aadyn.  *See* Compl. at 15-20.  Eventually, Contursi's entities, LED and PPI, came to sign sales representative and dealership agreements with Aadyn.  These documents are attached to LED's Complaint as Exhibits C and E respectfully.  By the terms of the agreements, LED became a Dealer and PPI became a Sales Representative.  Despite the non-assignment provision that appears in Paragraph 19 of the Dealer Agreement, LED claims that PPI and LED assigned these agreements to each other thereby making LED the Sales Representative and PPI the Dealer.  *Id.* at ¶ 46-54.

LED claims that the relationship between the parties soured when Aadyn refused to pay Contursi for various consulting services he allegedly provided to Aadyn, refused to pay PPI for various videos allegedly produced for Aadyn, and failed to pay certain commissions allegedly earned by LED under the assigned Sale Representative Agreement.  LED alleges that PPI and Phillip Contursi assigned their choses in action to LED.  *See* Compl. at ¶ 13-14.

LED, the only named plaintiff, asserted the following claims against Defendants, some in its own name, and some on behalf of PPI or Contursi: (i) fraud against all Defendants based on allegedly false representations made to Contursi by the Individual Defendants; (ii) civil conspiracy against all Defendants premised on an alleged agreement between Defendants to

---

[1] Although Defendants dispute the accuracy of most of the facts alleged in LED's Complaint, because for the purposes of a motion to dismiss the Court must assume the facts alleged in a Complaint are true, the facts reported here are drawn from the Complaint.

harm Contursi; (iii) unjust enrichment against Aadyn alleging that Aadyn improperly captured Contrusi's efforts; (iv) breach of contract against Aadyn alleging that Aadyn breached the terms of a sales representative agreement that PPI assigned to LED; (v) fraud against all Defendants based on allegedly false representations made to PPI by the Individual Defendants; (vi) civil conspiracy against all Defendants alleging that Defendants agreed to harm PPI; (vii) unjust enrichment against Aadyn alleging that Aadyn improperly captured PPI's efforts; (viii) copyright infringement against all Defendants for the alleged infringement of PPI's copyrights. *See* Compl. at ¶ 62-126.

The eight claims LED has asserted against Defendants all stem from the relationship between Defendants and LED, PPI, and Contursi.  In sum, LED alleged that Aadyn and several individual members of Aadyn enticed Contursi, LED, and PPI to perform various services for Aadyn and then failed to properly compensate them for their efforts.

### B.    Plaintiff's Copyright Allegations

LED alleges that PPI created several promotional videos at Aadyn's behest between July 2011 and April 2013.  *See* Compl. at ¶ 56.  Plaintiff claims that PPI and not LED possesses all ownership rights to these videos and that Aadyn used but failed to compensate PPI for the creation of these videos.  *Id.* at ¶ 57-61, 113-126.  Finally, LED alleged that PPI applied for registration of its alleged copyrights on April 4, 2014, at least a year after the final video was created and after the alleged infringement began.  *Id.*

### C.    Plaintiff's Diversity Jurisdiction Allegations

LED makes only conclusory allegations regarding the Court's diversity jurisdiction. Indeed, LED's only such allegation appears in paragraph 7 of its complaint: "This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332."  At no point did LED allege any claim for damages that "exceeds the sum or value of $75,000[.]"  28 U.S.C. § 1332.

### D.    Plaintiff's Personal Jurisdiction Allegations

LED's personal jurisdictional allegations are similarly conclusory and deficient.   For each defendant, LED simply asserted that the person or entity "has sufficient contact within the state of Illinois so that this forum does not offend the traditional notions of fair play and substantial justice."  *See* Compl. at ¶ 8-11.  With the exception of a single interaction alleged to have taken place between Contursi and Defendant Frank Gallagher in Chicago, LED did not allege that any Individual Defendant had any actual contact with the state of Illinois.  *Id.* at ¶ 37, 71.

### ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), LED's claim for copyright infringement must be dismissed with prejudice because LED admittedly does not hold any right to any of the copyrights in suit.  Absent this single question of federal law, the Court lacks subject matter jurisdiction over this dispute and, under Rule 12(b)(1), the Court should dismiss the remainder of LED's Complaint.  Of course, Plaintiff's conclusory allegations regarding the existence of diversity jurisdiction are admittedly inaccurate; LED has not alleged the existence of more than $75,000 of controversy here.  *See* Compl. at ¶ 53 and 89 (alleging LED is owed "in excess of $50,000").  Again, setting aside LED's conclusory allegations, as the Court must, this Court lacks personal jurisdiction over the Individual Defendants and, under Rule 12(b)(2), must dismiss all of LED's claims against them.

In addition to these several jurisdictional issues, several of LED's claims are simply not cognizable in any court.  Plaintiff's allegations of civil conspiracy fail to state a claim upon which relief can be granted against any Defendant and its fraud allegations fail to allege that Aadyn participated in any fraud.  Under Rule 12(b)(6), these claims also must be dismissed with prejudice.

5

Finally, in the event the Court determines that some or all of LED's claims are properly pleaded in federal court, Defendants respectfully request that the Court enforce the venue selection clause which appears at Paragraph 18 of the Sales Representative Agreement that governs the relationship between the parties and transfer this matter to the District Court for the Southern District of Florida under Rule 12(b)(3).

### A.    Standards Applicable To Motions To Dismiss

Defendants have moved to dismiss LED's complaint on several bases.  Defendants move under rule 12(b)(6) as to LED's copyright, conspiracy, and fraud claims and under Rule 12(b)(1) as to all non-copyright claims.[2]  In addition, defendants move under Rule 12(b)(3) for the Court to enforce the parties' venue selection clause and transfer any remaining potions of this case to the Southern District of Florida.

### 1.    *Standard Under Rule 12(b)(6).*

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  [**15] Factual allegations are accepted as true at the pleading stage, but "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (*citing Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

*Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014).

---

[2] The standard applicable to the Court's determination of personal jurisdiction is addressed below.

### 2. *Standard Under Rule 12(b)(1).*

As an initial matter, litigants asserting federal jurisdiction bear the burden of proof "to show that jurisdiction is proper." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012).  "The proponent of jurisdiction may be called on to prove facts that determine that amount in controversy, and must do so by a preponderance of the evidence." *Id.* (internal citation and quotation omitted).  Of course, when considering a motion under Rule 12(b)(1) the Court "must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993).  However, the Court may also "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co*, 999 F.2d at 191 *citing Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979).

### 3. *Standard Under Rule 12(b)(3).*

> A challenge to venue based upon a forum selection clause can appropriately be brought as a motion to dismiss the complaint under Rule 12(b)(3). *See Automobile Mechanics Local 701 Welfare and Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007); *Muzumdar v. Wellness Intern. Network, Ltd.*, 438 F.3d 759, 761 (7th Cir. 2006); *Continental Ins. Co. v. M/V ORSULA*, 354 F.3d 603, 606-07 (7th Cir. 2003). Plaintiff has the burden of establishing proper venue. *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182 (7th Cir. 1969). In resolving the issue, the court must take all allegations in the complaint as true, and although the court may examine facts outside the complaint, such as affidavit testimony, the court must resolve all factual conflicts and draw all reasonable inferences in the plaintiffs' favor. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987), *superceded by statute on other grounds*. To that end, the court may also consider contracts attached to the motion to dismiss that are referred to in the plaintiffs' complaint and are central to the claim. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002).

*Parker v. Hostetler*, No. 3:07 CV 336, 2008 WL 346007, at *2 (N.D. Ind. Feb. 6, 2008).

**B.**     <u>**LED Cannot Assert Infringement Of PPI's Copyright.**</u>

For the final count of its Complaint, LED asserts a claim for breach of several copyrights it alleges are owned by PPI.  *See* Compl. at ¶ 113-126.  This claim is of particular importance here as it forms the basis for the Court's subject matter jurisdiction in this action.  *See* Compl. at ¶ 7.

"To establish a copyright infringement claim, a plaintiff must show: (1) ownership of a valid copyright; and (2) unauthorized copying of constituent elements of the work that are original."  *Hobbs v. John*, No. 12 C 3117, 2012 WL 5342321, at *3 (N.D. Ill. Oct. 29, 2012) *aff'd by Hobbs v. John*, 772 F.3d 1089 (7th Cir. 2013) (internal citation and quotation omitted). Ownership in this context means that the plaintiff must be "[t]he legal or beneficial owner of an exclusive right under a copyright…" 17 U.S.C. § 501(b).  In the Seventh Circuit, copyright infringement claims brought by a party that does not possess an exclusive right under the copyright must be dismissed with prejudice under Rule 12(b)(6).  *HyperQuest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 381-82 (7th Cir. 2011) (rehearing *en banc* denied).  Exclusive licensees may also enforce rights under the copyright statute but the putative licensee bears the "burden to show that the [licensing] agreement conferred this type of exclusivity upon it."  *Id.* at 381-82; 385.

Here, LED does not own any interest in the copyrights in suit and does not possess any exclusive license to them.  *See* Compl. at ¶ 114-126.  To the contrary, LED has alleged that PPI, and PPI alone, is the owner of the copyrights in suit and enjoys all of the "exclusive right[s]" to the copyrights.  *Id.* at ¶ 116, 121; *see also* Compl. at ¶ 124-125 (describing the copyrights in suit as "PPI's copyright").  In particular, LED alleged that PPI "enjoys the exclusive right to, among other things, publish the Videos, reproduce the Videos, prepare derivative works based on the Videos, and distribute copies of the Videos.  *Id.*  at ¶ 116.  Therefore, according to LED, PPI

possesses all of the exclusive rights to the copyrights in suit and LED possesses none.  *Id.*; *HyperQuest*, 632 F.3d at 382.  Indeed, LED alleged that PPI attempted to register the copyrights in suit with the United States Copyright Office.  *Id.* at ¶ 115.  The registrations sought were granted.  *See* Exhibit 1, Certification of Darth M. Newman, Esquire at Exhibit A, Email From United States Copyright Office Confirming Copyright Registrations; *Adams*, 742 F.3d at 729 (holding "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.") (internal quotation and citation omitted); *Hobbs*, 2012 WL 5342321 at *2 ("Courts may also consider documents attached to the pleadings without converting the motion into a motion [for] summary judgment, as long as the documents are referred to in the complaint and central to the claims.") (internal citation omitted).  PPI, and not LED, is the registered copyright holder for each of the patents in suit.  *Id.*  And, just to be sure, LED did not allege that it has or will suffer any damages related to the alleged infringement.  *See* Compl. at ¶ 126.

Because LED does not possess any exclusive rights to the copyrights in suit, LED's copyright claim must fail and the Court must dismiss Count VIII of LED's Complaint with prejudice.  *HyperQuest, Inc.*, 632 F.3d at 381-82.

C.      **The Court Should Award Defendants Their Attorneys' Fees Under 17 U.S.C. § 505.**

Under the Copyright Act, District Courts have the discretion to award prevailing parties their attorneys' fees.  *Id.* at 387; 17 U.S.C. § 505.  In the Seventh Circuit, [d]efendants who defeat a copyright infringement action are entitled to a strong presumption in favor of a grant of fees."  *HyperQuest*, 632 F.3d at 387 (affirming award of fees in connection with motion to dismiss on same grounds advanced here).  The Supreme Court has set forth nonexclusive factors which might guide District Courts considering an award of fees.  *Id. citing Fogerty v. Fantasy,*

9

*Inc.*, 510 U.S. 517, 535 n. 19 (1994). "These factors include frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 535 n. 19 (internal quotation and citation omitted).

Each of these factors weighs in favor of the award of fees here.  LED's copyright claim is patently frivolous and objectively unreasonable.  Without any ownership interest in the copyrights in suit, LED's claim is factually objectively unreasonable.  LED's claim is also objectively legally unreasonable.  LED sought attorneys' fees and statutory damages under the Copyright Act but attorneys' fees and statutory damages are not available where alleged copyright infringement commenced before the effective date of copyright registration.[3] 17 U.S.C. 412; *see* Compl. at ¶ Count VIII at Ad Damnum Clause.  Here, LED alleged that Defendants' infringement began before PPI ever applied for copyright registration.  *See* Compl. at ¶ 60, 115 and Exhibits I and H thereto (noting alleged infringement began before registration); *see also* Exhibit 1, Certification of Darth M. Newman, Esquire at Exhibit A, Email From United States Copyright Office Confirming Copyright Registrations.  Requesting relief not available under the Copyright Act is grounds for the award of prevailing party attorneys' fees.  *Budget Cinema v. Watertower Assocs.*, 81 F.3d 729, 733 (7th Cir. 1996) (reversing District Court decision denying defendant attorneys' fees as an abuse of discretion where plaintiff sought statutory damages and attorneys' fees not available under 17 U.S.C. 412).

Finally, because LED's frivolous copyright infringement claim appears to have been pled for the improper purpose of using an obviously meritless claim to trigger this Court's federal question jurisdiction, the motivation and deterrence factors weigh heavily in favor of an award of

---

[3] "The effective date of a copyright registration is the day on which an application, deposit, and fee, which are later determined by the Register of Copyrights or by a court of competent jurisdiction to be acceptable for registration, have all been received in the Copyright Office."  17 U.S.C. 410.

fees.  *Fogerty*, 510 U.S. at 535 n. 19.  If the Court dismisses LED's claim of copyright infringement, the Court should also award Defendants their attorneys' fees as the prevailing party under 17 U.S.C. 505.

### D.    The Court Lacks Diversity Jurisdiction.

Absent LED's fatally flawed copyright infringement claim, the only remaining basis for the Court's subject matter jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332(a).  LED's conclusory assertion that diversity jurisdiction exists notwithstanding, LED has failed to allege that its claims meet the jurisdictional limit applicable to diversity actions.  *See* Compl. at ¶ 7.

Under 28 U.S.C. § 1332(a), diversity jurisdiction requires both complete diversity and an amount in controversy greater than $75,000.  *Travelers*, 689 F.3d at 717 (7th Cir. 2012). Importantly, "the claims of multiple litigants cannot be aggregated to reach the jurisdictional amount in controversy."  *Id.*  This anti-aggregation rule bars both the combination of claims by multiple plaintiffs against an individual defendant and claims by a single plaintiff against multiple defendants.  *Id.*  Here, LED has failed to even allege, must less prove, that its claims meet the jurisdictional threshold.  *Id.* at 722.  LED has only alleged that it is owed "in excess of $50,000" – less than the statutory limit of more than $75,000.  *See* Compl. at ¶ 53 and 89; 28 U.S.C. § 1332.

The claims LED is asserting on behalf of PPI and Contursi do not change this analysis. First, LED has not alleged any particular amount of damages related to the claims of PPI and Contursi.  *See* Compl.  In any event, aggregation of these claims is improper and LED may not use an assignment of rights to defeat the Court's jurisdictional limits.  *Travelers*, 689 F.3d at 723; 28 U.S.C. § 1359; *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005) (emphasizing the importance that at least one of Plaintiff's claims satisfy the jurisdictional amount in controversy limit in diversity actions) *superseded on other grounds*.

Without a valid claim of copyright infringement, the Court is without any subject matter jurisdiction over this matter and the Court should decline to exercise its supplemental jurisdiction over the remaining state law claims and should instead dismiss the remainder of LED's Complaint against all Defendants.  28 U.S.C. § 1367.

### E.   The Individual Defendants Are Not Subject To Personal Jurisdiction In Illinois.

"The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception."  *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (internal quotation and citation omitted).  Absent personal jurisdiction, a District Court is "powerless to proceed to an adjudication."  *Id.* at 584.  Plaintiffs have "the burden of establishing personal jurisdiction."  *Advanced Tactical Ordinance Sys., LLC v. Real Action Paintball, Inc.*, No. 13-3005, 2014 WL 1849269 at *2 (7th Cir. May 9, 2014).  The Court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."  *Capitol Leasing Co*, 999 F.2d at 191.

Personal jurisdiction can be either general or specific with general jurisdiction proper only where "the defendant can be said to be at home." *Advanced Tactical*, 2014 WL 1849269 at *3.  LED has not alleged that any of the Individual Defendants are "at home" in Illinois.  *Id.* Instead, LED remained silent regarding each of the Individual Defendants' domicile.  *See* Compl. at ¶ 4-6, 9-11.  In any event, each of the Individual Defendants resides outside of Illinois. *See* Exhibit 2, Affidavit of Marc Kaye, Exhibit 3, Affidavit of Frank Gallagher, Exhibit 4, Affidavit of Walter Lefler.  Accordingly, none of the Individual Defendants are subject to general jurisdiction in Illinois.

"To support an exercise of specific personal jurisdiction, the defendant's contacts with the forum state must directly relate to the challenged conduct or transaction." *Northern Grain Marketing, LLC, Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (internal quotation and citation omitted).   To determine whether specific personal jurisdiction exists the Court applies a three-part analysis.

> (1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state;
>
> (2) the alleged injury must have arisen from the defendant's forum-related activities, and
>
> (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice.

*Gilman Opco, LLC v. Lanman Oil Co., Inc.*, No. 13-cv-7846, 2014 WL 1284499 at *4 (N.D. Ill. March 28, 2014) (internal quotation and citation omitted).   In other words, "[t]he defendant's conduct and connection with the forum state must be substantial enough to make it reasonable for the defendant to anticipate that he could be haled into court there." *Northern Grain Marketing*, 743 F.3d at 492-93 (citation omitted).  Personal jurisdiction must be based "on contacts that demonstrate a real relationship with the state with respect to the transaction at issue." *Id.* (internal quotation and citation omitted).

Here, LED's Complaint is all but silent regarding facts which might give rise to personal jurisdiction over the Individual Defendants.  LED has failed to allege that Mr. Kaye or Mr. Lefler had any contact with Illinois and only alleged that Mr. Gallaher was present in Illinois once, to attend an industry conference. *See* Compl. at ¶ 37, 71.  Such *de minimis* contacts are not sufficient to establish specific personal jurisdiction. *Mergenthaler Linotype Co. v. Lenoard Storch Enterps., Inc.*, 66 Ill.App.3d 789, 794, (1978) (holding attendance, and conversation with plaintiff, at industry meeting or convention not enough to establish personal jurisdiction).

LED's complaint contains no allegation that any Individual Defendant "purposefully availed himself of the privilege of conducting business in Illinois." *Gilman Opco, LLC*, 2014 WL 1284499 at *4. To the contrary, Contursi appears to have first met Mr. Kaye and Mr. Lefler at an industry event in Nevada. *See* Compl. at ¶ 15. LED did allege that the Individual Defendants communicated with Contursi and PPI but LED failed to adequately describe the content or circumstances of those communications. *See* Compl. at ¶ 27, 63, 64, 68, 69; *Gilman Opco, LLC*, 2014 WL 1284499 at *5. In any event, "telephone, email, and written communications … are not, by themselves, sufficient to establish specific jurisdiction." *Id.* (internal quotation and citation omitted). Mr. Lefler never knowingly directed communications into Illinois. *See* Exhibit 4, W. Lefler Aff. Except for his attendance at the single industry conference called out in LED's Complaint, Mr. Gallagher has also never knowingly directed communications into Illinois. *See* Exhibit 3, F. Gallagher Aff. Mr. Kaye attended this same industry conference and also visited PPI on one occasion to verify PPI's compliance with its obligations under the Dealer Agreement. *See* Exhibit 2, M. Kaye Aff.

LED claims that it and PPI signed contracts with Aadyn but these contracts cannot give rise to personal jurisdiction over the Individual Defendants. *See Mergenthaler*, 66 Ill.App.3d at 797 (holding entity's sole shareholder not subject to personal jurisdiction even where entity was); *see also Estate of Isringhausen v. Prime Const. and Assocs., Inc.*, 378 Ill.App.3d 1059, 1066-67 (2008) (noting that entering into a contract with an Illinois resident and sending communications to Illinois is "not enough to establish specific jurisdiction.") (internal quotation and citation omitted).

In fact, the terms of the contracts support a finding that the Individual Defendants are not subject to personal jurisdiction in Illinois. In Illinois, contractual choice of law provisions are

relevant to the analysis of personal jurisdiction. *Estate of Isringhausen*, 378 Ill.App.3d at 1066.

Both contracts which form the basis of the relationship between the parties and the source of

LED's claims include choice of law provisions requiring any disputes to be adjudicated

according to the law of the State of Florida. *See* Sales Rep Agreement, Exhibit C to Compl. at ¶

18; Dealership Agreement, Exhibit E to Compl. at ¶ 23. Indeed, as discussed below, the Sales

Representative Agreement also includes a mandatory and exclusive forum selection clause

requiring that all disputes be litigated in Florida. *See* Sales Rep Agreement, Exhibit C to Compl.

at ¶ 18. These clauses weigh against any finding of personal jurisdiction here. *Estate of

Isringhausen*, 378 Ill.App.3d at 1066.

 LED's Complaint also fails to allege that any injury allegedly caused by the Individual

Defendants arose "from the defendants' forum-related activities." *Gilman Opco, LLC*, 2014 WL

1284499 at *4. To the contrary, LED's Complaint is replete with allegations that Contursi

traveled far and wide to represent Aadyn or meet the Individual Defendants in all manner of

locations other than Illinois. *See* Compl. at ¶ 15-42. "[N]either Plaintiff's location nor the

alleged location of its injury is sufficient to satisfy the defendant-focused minimum contact

inquiry." *Gilman Opco, LLC*, 2014 WL 1284499 at *5 (internal quotation and citation omitted);

*accord Estate of Isringhausen*, 378 Ill.App.3d at 1064 (noting that the focus of personal

jurisdiction analysis is on the actions of the defendant, not the plaintiff).

 LED simply has not alleged that any Individual Defendant reached into Illinois to

conduct business or harm Contursi, PPI, or LED. Indeed, the Individual Defendants' only

contacts with Illinois were, at best, incidental or unknowing. For example, Mr. Lefler never

traveled to Illinois to transact any Aadyn related business and never knowingly directed any

communications into Illinois. *See* Exhibit 4, W. Lefter Aff.; *see also Gilman Opco, LLC*, 2014

WL 1284499 at \*5 (holding that a plaintiff's location cannot create personal jurisdiction).  Mr.

Gallagher and Mr. Kaye, on the other hand, did visit Illinois but, like the defendant in *Northern*

*Grain*, they were there not to interact with Contursi but to attend an industry conference.  *See*

Exhibit 3, F. Gallagher Aff.; Exhibit 2, M. Kaye Aff.  That Mr. Gallagher or Mr. Kaye happened

to share a few words with Contursi during this visit is far too incidental to establish personal

jurisdiction. Similarly, Mr. Kaye's single inspection visit to PPI in August 2011 can hardly give

rise to personal jurisdiction sufficient be permit LED to hale Mr. Kaye before an Illinois tribunal.

Under these facts, it would be manifestly unfair to hale the Individual Defendants into an

Illinois court to defend this action.  Accordingly, the Court should dismiss LED's Complaint

against the Individual Defendants for lack of personal jurisdiction under Rule 12(b)(2).

### F.  LED's Conspiracy Claims are Legal Impossibilities and Must Be Dismissed.

To make out a claim for conspiracy, LED "must plead a combination of two or more

persons for the purpose of accomplishing by concerted action either an unlawful purpose or a

lawful purpose by unlawful means."  *Buckner v. Atlantic Plant Maint., Inc.*, 694 N.E.2d 565, 571

(Ill. 1998) (affirming dismissal of conspiracy claims).

For both of its conspiracy claims (Counts II and VI), LED has alleged that the Individual

Defendants conspired with Aadyn to harm either Contursi (Count II) or PPI (Count VI).  *See*

Compl. at ¶ 74-78, 102-106.  Elsewhere in its Complaint, LED admitted that each of the

Individual Defendants is an officer and a "manager/member of Defendant Aadyn."  *See* Compl.

at ¶ 4-6.  However, "[i]t is axiomatic that a corporation can act only through its agents."  *Small v.*

*Sussman*, 713 N.E.2d 1216, 1222 (Ill. App. Ct. 1999); *see also Alpha School Bus Cop., Inc. v.*

*Cook-Ill. Corp.*, 910 F.E.2d 1134, 1150 (Ill. App. Ct. 2009) (holding that "[i]t is well established

that employees and officers of a corporation are the corporation's agents.") (citing *Restatement*

*(Third) of Agency § 1.01, Comment c*, at 19 (2006)) (affirming dismissal of conspiracy claim against business and three individuals where the plaintiff admitted in pleadings that the individuals were officers or employees of the company).

Accordingly, in Illinois, "because the acts of an agent are considered in law to be the acts of the principal, there can be no conspiracy between a principal and an agent." *Buckner*, 694 N.E.2d at 571; *see also Small*, 713 N.E.2d at 1221 (characterizing an allegation of conspiracy or unlawful "assistance" between a business and its agent as a "legal impossibility").

Here, LED has failed to plead any cognizable claim for civil conspiracy. LED has alleged that the Individual Defendants "are members, officers or agents of Aadyn." *See* Compl. at ¶ 119. LED has also asserted that Aadyn conspired with these same members, officers and agents, to harm either Contursi or PPI. These claims are a "legal impossibility" in Illinois and, under Rule 12(b)(6), the Court must dismiss Counts II and VI of LED's Complaint with prejudice. *Small*, 713 N.E.2d at 1221.

### G.   LED's Fraud Allegations Do Not Mention Aadyn.

> The elements of common law fraud are: (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement.

*Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 496 (1996). Although LED's fraud claims, Counts I and V, are titled as being brought against "all Defendants" neither Count alleges that Aadyn made any representation to Contursi, LED, or PPI much less any misrepresentation of a material fact. Naturally then, LED failed to allege that Contursi, LED, or PPI reasonably relied on any misrepresentation made by Aadyn or suffered any damages as a result of their reasonable reliance. Including Aadyn in the caption of Counts I and V but not making any allegations

directed at Aadyn is insufficient as a matter of law to state a claim for fraud. Under Rule 12(b)(6), LED's claim for fraud must be dismissed.

### H.   The Court Should Enforce The Parties' Forum-Selection Clause And Transfer Any Remaining Claims To The Southern District Of Florida.

"A challenge to venue based upon a forum selection clause can be appropriately brought as a motion to dismiss the complaint under *Federal Rule of Civil Procedure 12(b)(3)*." *Muzumdar v. Wellness Intn. Net., Ltd.*, 438 F.3d 759, 760 (7th Cir. 2006) (affirming dismissal of complaint under Rule 12(b)(3) in the presence of a forum selection clause). Defendants have brought this motion here.

LED alleges that PPI entered into a Sales Representative Agreement with Aadyn and then assigned this agreement to LED. *See* Compl. at ¶ 46-54. LED further alleged that LED performed under the Sales Representative Agreement but Aadyn did not, thereby giving rise to at least a portion of LED's present claims. *Id.* Paragraph 18 of the Sales Representative Agreement contains an unambiguous, mandatory, and exclusive forum selection clause which requires that any controversy between the parties to the contract be litigated in southern Florida. *See* Sales Rep Agreement, Exhibit C to Compl. at ¶ 18 ("…The Courts of Broward County, Florida shall have *exclusive* jurisdiction of any matter regarding this Contract or the relationship of the parties.") (emphasis added).

Under federal law, Illinois law, and Florida law, forum selection clauses are valid and enforceable. *See e.g., Muzumdar*, 438 F.3d at 761 (holding that "under either federal or Illinois law, forum selection clauses are valid and enforceable."); *Estate of Stern v. Oppenheimer Trust Co.*, 134 So. 3d 566, 568 (Fla. Dist. Ct. App. 2014) (holding that "Florida law is well-settled that mandatory forum selection clauses should be enforced in the absence of a showing that enforcement would be unreasonable or unjust.") (internal citation and quotation omitted).

In the event the Court determines not to dismiss all of LED's claims under some combination of the above theories – lack of jurisdiction and failure to state a claim – the Court should enforce the mandatory forum selection clause which appears in the Sales Representative Agreement that forms the basis of LED's Complaint and transfer any remaining portions of LED's Complaint to the Southern District of Florida.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's copyright infringement claim (Count VIII) for failure to state a claim upon which relief can be granted and then dismiss the remainder of Plaintiff's Complaint for lack of subject matter and personal jurisdiction.  In the event the Court is disinclined to dismiss the entirety of Plaintiff's Complaint, Defendants respectfully request that Court transfer any surviving claims to the Southern District of Florida.

Respectfully submitted,

 /s/ John C. Martin
John C. Martin, Esq.
MartinSirott LLC
30 N. LaSalle St., Suite 2825
Chicago, IL  60602
Tel. (312) 368-9000
jmartin@martinsirott.com

*Of Counsel:*
Darth M. Newman, Esq.
ARCHER & GREINER, P.C.
One Centennial Square
East Euclid Avenue
Haddonfield, N.J. 08033-0968
Tel. (856) 795-2121
dnewman@archerlaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that he caused a copy of the foregoing to be filed using the CM/ECF system on June 13, 2014 which will cause copies of the same to be served on all counsel of record.

/s/ John C. Martin